# EXHIBIT 3

```
 1                  UNITED STATES DISTRICT COURT

 2                SOUTHERN DISTRICT OF CALIFORNIA

 3   Before The Honorable WILLIAM V. GALLO, Magistrate Judge

 4

 5   UNITED STATES OF AMERICA,      )
                                    )
 6                  Plaintiff,      )    CASE NO.
                                    )  3:17-cr-3399
 7     VS.                          )
                                    )
 8   NEDER QUINONES-VIVAS,          )
     OSCAR OSWALDO VILLAMAR-MORAN,  )
 9   YEISON RENTERIA-VALENCIA,      )
                                    )
10                  Defendants.     )
     ───────────────────────────────)
11                                       San Diego, California
                                         Tuesday, January 9, 2018
12

13         TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
                          OF PROCEEDINGS
14

15              Liberty Court Player 2:39-3:01 p.m.

16   APPEARANCES:

17   For Plaintiff:    UNITED STATES ATTORNEY'S OFFICE
                       880 Front Street
18                     San Diego, California 92101
                       BY: DAVID LESHNER
19                         ASSISTANT UNITED STATES ATTORNEY

20   (Appearances continued on the next page)

21

22

23

24

25   Transcribed By:   Ellen L. Simone
```

1    APPEARANCES CONTINUED:

2    For Defendant Neder Quinones-Vivas:
                    GERARD J. WASSON, ESQ.
3                   406 Ninth Avenue, Suite 306
                    San Diego, California  92101
4

5    For Defendant Oscar Oswaldo Villamar-Moran:
                    MAXINE I. DOBRO, ESQ.
6                   105 West F Street, Third Floor
                    San Diego, California  92101
7

8    For Defendant Yeison Renteria-Valencia:
                    ROBERT C. SCHLEIN, ESQ.
9                   750 B Street, Suite 3210
                    San Diego, California  92101
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    (Proceedings begin at 2:39 p.m.)

2    THE CLERK:  Calling matter number 8 as to defendants

3  1, 2, and 3.

4    Counsel, please state your appearance for the record

5  when I call the case.  Thank you.

6    THE COURT:  Counsel, while we're waiting for the

7  defendants to come out, I see that this is a package deal that

8  requires the plea of all four defendants; one from the

9  indictment and the three others.  Have all -- has the other --

10  we're only getting three of the defendants now.

11    MS. DOBRO:  (inaudible) January -- January 4th he

12  pleaded.

13    THE COURT:  Pardon me?

14    THE CLERK:  Last week you --

15    THE COURT:  I already did him last week?  Okay.

16    THE CLERK:  So matter number 8.  17-cr-3399.  The

17  United States of America v. Neder Quinones-Vivas, Oscar Oswaldo

18  Villamar-Moran --

19    MS. DOBRO:  Maxine Dobro for Oscar Villamar-Moran.

20    THE CLERK:  -- Yeison Renteria-Valencia.

21    MR. WASSON:  Gerard Wasson on behalf of Mr. Neder

22  Quinones.

23    MR. SCHLEIN:  And Robert Schlein on behalf of Yeison

24  Renteria-Valencia, number 4.

25    THE COURT:  Okay.

1          (Matters not related to the present matter were

2     discussed.)

3          THE COURT:  Gentlemen, good afternoon.  This is the

4     time for your change of plea.

5          And for Mr. Villamar and Mr. Renteria, this is also

6     the time that you'll be arraigned on the superceding

7     information.

8          Mr. Villamar and Mr. Renteria, I have your signed

9     waivers of indictment.  The document is also signed by your

10    attorney, and it tells me that you and your attorney have

11    talked about this and that each of you understand that you have

12    the right to have your case presented to a federal grand jury,

13    and that you're willing to give up that right and continue with

14    your case by way of an information.

15         Mr. Villamar, have you talked with Ms. Dobro about

16    this?

17         DEFENDANT VILLAMAR-MORAN:  Yes.

18         THE COURT:  And is this what you want to do, to waive

19    your right to an indictment?

20         DEFENDANT VILLAMAR-MORAN:  Yes.

21         THE COURT:  And Mr. Renteria, have you and Mr. Schlein

22    talked about this?

23         DEFENDANT RENTERIA-VALENCIA:  Yes.

24         THE COURT:  And you also want to waive your right to

25    an indictment?

1     DEFENDANT RENTERIA-VALENCIA:  Yes.

2          THE COURT:  Okay.  And counsel for Mr. Villamar and

3 Mr. Renteria, do you each concur?

4          MS. DOBRO:  Yes, as to Mr. Villamar.

5          MR. SCHLEIN:  Yes, Your Honor.  Yes, as to

6 Mr. Renteria.

7          THE COURT:  Gentlemen, I accept your waiver.  At this

8 time, you'll be arraigned on the superceding information, and

9 all of you will be sworn in.

10          THE CLERK:  Can you all please raise your right hand?

11          Do you solemnly swear that the evidence you shall give

12 in the cause now before the Court shall be the truth, the whole

13 truth, and nothing but the truth?

14          Mr. Quinones?

15          DEFENDANT QUINONES-VIVAS:  Yes

16          THE CLERK:  Mr. Villamar.

17          DEFENDANT VILLAMAR-MORAN:  Yes.

18          THE CLERK:  And Mr. Renteria?

19          DEFENDANT RENTERIA-VALENCIA:  Yes.

20          THE CLERK:  You may lower your hands.

21          Neder Quinones-Vivas, is that your true name?

22          DEFENDANT QUINONES-VIVAS:  Yes, sir.

23          THE CLERK:  You previously pled not guilty to

24 Count Two of an indictment charging you with possession of

25 cocaine with an intent to distribute on (inaudible), as well as

1  aiding and abetting.

2        Do you now desire to withdraw that plea of not guilty

3  and to instead enter a plea of guilty?

4        DEFENDANT QUINONES-VIVAS:  Yes.

5        THE CLERK:  How do you now plead to Count Two of the

6  indictment; guilty or not guilty?

7        DEFENDANT QUINONES-VIVAS:  Yes.

8        THE CLERK:  Guilty or not guilty?

9        DEFENDANT QUINONES-VIVAS:  Yes, guilty.

10        THE CLERK:  Counsel, do you waive further reading of

11  the count?

12        MR. WASSON:  Yes.

13        THE CLERK:  Oscar Oswaldo Villamar-Moran, is that your

14  true name?

15        DEFENDANT VILLAMAR-MORAN:  Yes.

16        THE CLERK:  And Yeison Renteria-Valencia, is that your

17  true name?

18        DEFENDANT RENTERIA-VALENCIA:  Yes.

19        THE CLERK:  You are each hereby informed that a

20  superceding information has been filed charging each of you

21  with conspiracy to distribute cocaine intended for unlawful

22  importation.

23        Counsel for each defendant, have you received a copy

24  of the information and do you waive further reading?

25        MS. DOBRO:  Yes, as to both questions.

1          MR. SCHLEIN:  Yes, as to Mr. Renteria.

2          THE CLERK:  You are each further informed that you

3    have the right to be represented by counsel at all proceedings

4    before the Court, you have the right to remain silent, you have

5    the right to a trial by jury, you have the right to confront

6    and cross examine any witnesses who testify against you, and

7    you have the right to have witnesses subpoenaed to testify in

8    your behalf.

9          Mr. Villamar-Moran, how do you now plead to Count One

10   of the superceding information; guilty or not guilty?

11         DEFENDANT VILLAMAR-MORAN:  Guilty.

12         THE CLERK:  And Mr. Renteria-Valencia, who you do you

13   now plead to Count One of the superceding information; guilty

14   or not guilty?

15         DEFENDANT RENTERIA-VALENCIA:  Guilty.

16         THE COURT:  Gentlemen, I'll be addressing all three of

17   you this afternoon.

18         Each of you are involved in the same criminal conduct.

19   Much of what we're going to talk about applies to all of you

20   equally.

21         If at any time you don't understand something, please

22   let me know, and I'll do my best to explain it or ask your

23   attorney to help me.

24         You've each taken an oath to tell the truth, and I

25   anticipate that you will tell the truth when you answer my

1  questions.  But you should understand that if you don't respond

2  truthfully to a question that I ask, you could be charged with

3  an additional criminal offense like perjury or obstruction of

4  justice.

5          So if I ask you a question that you don't understand,

6  just tell me and I'll be happy to rephrase the question or

7  explain it with your attorney's help.  We're not in any

8  particular hurry.

9          The first question for all of you -- and by the way,

10  when I do ask the question, it applies to all of you as a

11  group.

12          Mr. Quinones, I would like for you to answer the

13  question first, followed by you, Mr. Villamar, and then

14  Mr. Renteria, you go third and last.  So if we can go in that

15  order, we can avoid a lot of confusion.

16          So the first question for all of you as you appear

17  here today in court:

18          Is there anything, such as medication that you may be

19  on or your health or anything else, that would interfere with

20  your ability to participate and understand what's happening

21  today?

22          Mr. Quinones, anything like that going on with you

23  today?

24          DEFENDANT QUINONES-VIVAS:  No

25          THE COURT:  Mr. Villamar?

1      DEFENDANT VILLAMAR-MORAN:  No.

2      THE COURT:  And Mr. Renteria?

3      DEFENDANT RENTERIA-VALENCIA:  No.

4      THE COURT:  And counsel, do you each concur?

5      MR. WASSON:  Yes.

6      MR. SCHLEIN:  Yes.

7      MS. DOBRO:  Yes.

8      THE COURT:  I have two documents that have been

9  provided to me by your counsel.  The first is your consent to

10 plead guilty before me.  And I'm a magistrate judge.  You have

11 the right to plead guilty before the district judge, if you

12 wanted to plead there, but you can plead guilty here.

13      Mr. Quinones, have you discussed this with your

14 attorney, Mr. Wasson, and is this where you'd like to plead

15 guilty, before me?

16     DEFENDANT QUINONES-VIVAS:  Yes.

17     THE COURT:  And Mr. Villamar, same questions.

18     DEFENDANT VILLAMAR-MORAN:  Yes.

19     THE COURT:  And Mr. Renteria.

20     DEFENDANT RENTERIA-VALENCIA:  Yes.

21     THE COURT:  And counsel, do you each concur with your

22 client's decision?

23     MR. SCHLEIN:  Yes, Your Honor.

24     MS. DOBRO:  Yes.

25     MR. WASSON:  Yes.

1          THE COURT:  I now am going to turn to the plea

2   agreement.

3          I have reviewed your plea agreement.  I see what

4   appear to be your initials on the agreement.  Are these, in

5   fact, your initials and signature throughout this agreement?

6          Mr. Quinones?

7          DEFENDANT QUINONES-VIVAS:  Yes.

8          THE COURT:  Mr. Villamar?

9          DEFENDANT VILLAMAR-MORAN:  Yes.

10         THE COURT:  And Mr. Renteria?

11         DEFENDANT RENTERIA-VALENCIA:  Yes.

12         THE COURT:  Before you signed and initialed this

13  document, was it translated and read to you so you could

14  understand it?

15         DEFENDANT QUINONES-VIVAS:  Yes, sir.

16         DEFENDANT VILLAMAR-MORAN:  Yes, sir.

17         DEFENDANT RENTERIA-VALENCIA:  Yes.

18         THE COURT:  Have you had enough time to discuss the

19  agreement with your attorney and have all your questions

20  answered?

21         DEFENDANT QUINONES-VIVAS:  Yes, sir.

22         DEFENDANT VILLAMAR-MORAN:  Yes.

23         DEFENDANT RENTERIA-VALENCIA:  Yes.

24         THE COURT:  Do you understand all the terms and

25  conditions set forth in the agreement?

1          DEFENDANT QUINONES-VIVAS:  Yes, sir.

2          DEFENDANT VILLAMAR-MORAN:  Yes.

3          DEFENDANT RENTERIA-VALENCIA:  Yes, sir.

4          THE COURT:  Are you satisfied with the advice your

5   attorney has given you?

6          DEFENDANT QUINONES-VIVAS:  Yes, sir.

7          DEFENDANT VILLAMAR-MORAN:  Yes.

8          DEFENDANT RENTERIA-VALENCIA:  Yes.

9          THE COURT:  Counsel, do you also believe you've had

10  enough time to go over the case, and you agree with your client

11  and have answered his questions?

12         MR. SCHLEIN:  Yes, Your Honor.

13         MR. WASSON:  Yes.

14         MS. DOBRO:  Yes.

15         THE COURT:  Are you satisfied your client understands

16  the agreement?

17         MR. SCHLEIN:  Yes, Your Honor.

18         MR. WASSON:  Yes.

19         MS. DOBRO:  Yes.

20         THE COURT:  Is this the only agreement with the United

21  States?

22         MR. WASSON:  Yes.

23         MR. SCHLEIN:  Yes.

24         MS. DOBRO:  Yes.

25         THE COURT:  Gentlemen, by pleading guilty, you're

1  giving up very important constitutional rights that are
2  afforded to everyone that comes into court like this.

3  First and foremost, you're giving up the right to a
4  speedy and public trial before a judge or a jury, with the
5  government having the responsibility to prove your guilt beyond
6  a reasonable doubt before you could be found guilty.

7  You're waiving your right to confront and cross
8  examine witnesses called by the government, the right to
9  subpoena your own witnesses to testify for you, the right to be
10  a witness yourself and testify like anybody else in your own
11  defense, the right to present other evidence in your own
12  defense, you're giving up the right as well to remain silent
13  and not incriminate yourself.

14  All of these rights are very valuable and important,
15  and by pleading guilty today, you're giving them all up.

16  Mr. Quinones, do you understand this?

17  DEFENDANT QUINONES-VIVAS:  Yes.

18  THE COURT:  Mr. Villamar?

19  DEFENDANT VILLAMAR-MORAN:  Yes.

20  THE COURT:  And Mr. Renteria?

21  THE DEFENDANT:  Yes.

22  THE COURT:  One right you're not giving up is the
23  right to have an attorney represent you right up to and
24  including sentencing.  Do you understand that?

25  DEFENDANT QUINONES-VIVAS:  Yes, sir.

1    DEFENDANT VILLAMAR-MORAN:  Yes.

2    DEFENDANT RENTERIA-VALENCIA:  Yes.

3    THE COURT:  All right.  We're going to talk now about

4  the elements of the offense.

5    And Mr. Leshner, I want to make sure I'm reading this

6  correctly.  That Mr. Quinones is pleading guilty to possession

7  with the intent to distribute, while the others are pleading

8  guilty to conspiracy to distribute cocaine for importation?

9    MR. LESHNER:  Yes, Your Honor, that is correct.

10    THE COURT:  All right.  So Mr. Quinones, you're

11  pleading guilty to possession with the intent to distribute

12  onboard a vessel.  These are the elements to that offense:

13    That you knowingly possessed cocaine; you possessed it

14  with the intent to distribute it to another person; at the

15  time, the cocaine was onboard a vessel subject to the

16  jurisdiction of the United States; and that the weight of the

17  cocaine had -- was more than 5 kilograms, specifically,

18  1,500 kilograms.

19    Do you understand those elements?

20    DEFENDANT QUINONES-VIVAS:  Yes.  Yes, sir.

21    THE COURT:  Mr. Villamar and Mr. Renteria, each of you

22  are pleading guilty to an identical offense of conspiracy to

23  distribute cocaine for importation.  These are the elements for

24  your offense:

25    First, that there was an agreement between two or more

1    people to distribute cocaine outside the United States, knowing

2    and intending that the cocaine would be unlawfully imported

3    into the United States; that you joined in the agreement

4    knowing of its purpose and intending to help accomplish the

5    purpose; and that the weight of the cocaine was 5 kilograms or

6    more, and approximately 1,500 kilograms.

7              Mr. Villamar, do you understand these elements?

8              DEFENDANT VILLAMAR-MORAN:  Yes.

9              THE COURT:  Mr. Renteria, do you understand?

10             DEFENDANT RENTERIA-VALENCIA:  Yes.

11             THE COURT:  The maximum sentence that you each face,

12   however, is identical for all three of you.

13             The maximum sentence is life in prison, a mandatory

14   minimum of 10 years in prison, there's a maximum $10 million

15   fine, a mandatory $100 penalty assessment, a term of supervised

16   release of at least five years and could be as long as life,

17   and possible ineligibility for certain federal benefits.

18             Mr. Quinones, do you understand this to be the maximum

19   sentence that you face?

20             DEFENDANT QUINONES-VIVAS:  Yes, sir.

21             THE COURT:  Mr. Villamar?

22             DEFENDANT VILLAMAR-MORAN:  Yes.

23             THE COURT:  And Mr. Renteria?

24             DEFENDANT RENTERIA-VALENCIA:  Yes.

25             THE COURT:  Each of you should understand that there

1   may be other consequences.  One of those consequences is,

2   should the district judge, in this case Judge Sabraw, if he

3   imposes a prison sentence, that time in prison may be followed

4   by supervised release, and if it's found that you have violated

5   any term or condition of your supervised release, it could be

6   revoked and you can be returned to prison to serve up to the

7   maximum sentence that the law allows for each violation.

8           Do each of you understand this?

9           DEFENDANT QUINONES-VIVAS:  Yes, sir.

10          DEFENDANT VILLAMAR-MORAN:  Yes.

11          DEFENDANT RENTERIA-VALENCIA:  Yes.

12          THE COURT:  Each of you also has a provision in your

13   agreement that you're not a citizen of the United States, and

14   that you have discussed the immigration consequences with your

15   attorney, and that you understand that it's a virtual certainty

16   that you'll be deported or removed when this criminal case is

17   over and any sentence that might be imposed is served.

18          Mr. Quinones, did you have that kind of conversation

19   with Mr. Wasson?

20          DEFENDANT QUINONES-VIVAS:  Yes, sir.

21          THE COURT:  Mr. Villamar, did you talk about that with

22   Ms. Dobro?

23          DEFENDANT VILLAMAR-MORAN:  Yes.

24          THE COURT:  And Mr. Renteria, did you and Mr. Schlein

25   have that conversation?

1          DEFENDANT RENTERIA-VALENCIA:  Yes.

2          THE COURT:  Understanding those consequences,

3  gentlemen, do you still want to enter a plea of guilty?

4          Mr. Quinones?

5          DEFENDANT QUINONES-VIVAS:  Yes, sir.

6          THE COURT:  Mr. Villamar?

7          DEFENDANT VILLAMAR-MORAN:  Yes.

8          THE COURT:  Mr. Renteria?

9          DEFENDANT RENTERIA-VALENCIA:  Yes, sir.

10          THE COURT:  We're going to talk now about the factual

11  basis for your guilty plea.

12          Mr. Quinones, on page 3 and page 4 of your plea

13  agreement are three factual paragraphs that describe what you

14  did on October 2nd and 3rd last year out in the open ocean.

15          Have you reviewed those three factual paragraphs with

16  Mr. Wasson?

17          DEFENDANT QUINONES-VIVAS:  Yes, sir.

18          THE COURT:  And taken together, do those three factual

19  paragraphs truthfully and accurately describe what you've done?

20          DEFENDANT QUINONES-VIVAS:  Yes, sir.

21          THE COURT:  Mr. Villamar, on page 3 and 4 of your

22  agreement are, likewise, three factual paragraphs that describe

23  what you did on those same two days in October out in the open

24  ocean.

25          Have you reviewed those three factual paragraphs with

1    Ms. Dobro?

2         DEFENDANT VILLAMAR-MORAN:  Yes.

3         THE COURT:  And taken together, do those three factual

4    paragraphs truthfully and accurately describe what you've done?

5         DEFENDANT VILLAMAR-MORAN:  Yes.

6         THE COURT:  Now, Mr. Renteria, on page 3 and 4 of your

7    agreement are the similar three factual paragraphs that

8    describe your conduct on October 2nd and 3rd out in the open

9    ocean.

10        Have you reviewed those three factual paragraphs with

11   Mr. Schlein?

12        DEFENDANT RENTERIA-VALENCIA:  Yes.

13        THE COURT:  And taken together, do those three

14   paragraphs truthfully and accurately describe what you've done?

15        DEFENDANT RENTERIA-VALENCIA:  Yes.

16        THE COURT:  And Mr. Leshner, is the government

17   satisfied as to the factual basis of all three defendants?

18        MR. LESHNER:  Yes.

19        THE COURT:  Gentlemen, each of you has a provision in

20   your agreement that you have waived your right to appeal or to

21   collaterally attack your conviction and sentence under certain

22   conditions.

23        Mr. Quinones, have you talked with your attorney about

24   this paragraph, and do you understand it?

25        DEFENDANT QUINONES-VIVAS:  Yes, sir.

1          THE COURT:  Mr. Villamar, have you done the same with
2    Ms. Dobro?

3          DEFENDANT VILLAMAR-MORAN:  Yes.

4          THE COURT:  And Mr. Renteria, have you done the same?

5          DEFENDANT RENTERIA-VALENCIA:  Yes.

6          THE COURT:  Have each of you spoken with your attorney
7    about the sentencing guidelines and how Judge Sabraw may use
8    those guidelines to determine an appropriate sentence in your
9    case?

10          DEFENDANT QUINONES-VIVAS:  Yes, sir.

11          DEFENDANT VILLAMAR-MORAN:  Yes.

12          DEFENDANT RENTERIA-VALENCIA:  Yes.

13          THE COURT:  Do you understand that these guidelines
14    are exactly what the name implies; they're guidelines, they're
15    not mandatory for Judge Sabraw to follow, and he could even
16    depart from the guidelines and sentence you up to the maximum
17    sentence that the law allows.

18          Do you each understand that?

19          DEFENDANT QUINONES-VIVAS:  Yes, sir.

20          DEFENDANT VILLAMAR-MORAN:  Yes.

21          DEFENDANT RENTERIA-VALENCIA:  Yes.

22          THE COURT:  Do you each understand that even if the
23    sentencing guidelines should suggest a sentence that's less
24    than 10 years, that Judge Sabraw may have no choice but to
25    sentence you to at least the 10 years, which is the mandatory

1  minimum sentence?

2          Mr. Quinones, do you understand this?

3          DEFENDANT QUINONES-VIVAS:  Yes.

4          THE COURT:  Mr. Villamar?

5          DEFENDANT VILLAMAR-MORAN:  Yes.

6          THE COURT:  And Mr. Renteria?

7          DEFENDANT RENTERIA-VALENCIA:  Yes.

8          THE COURT:  Do you each understand that you'd be bound

9  by your guilty plea and may not withdraw your guilty plea, even

10 if Judge Sabraw does not follow your recommendation for

11 sentencing?

12         DEFENDANT QUINONES-VIVAS:  Yes, sir.

13         DEFENDANT VILLAMAR-MORAN:  Yes.

14         THE COURT:  Mr. Renteria?

15         DEFENDANT RENTERIA-VALENCIA:  Yes.

16         THE COURT:  Has anyone forced or threatened you into

17 pleading guilty or signing the plea agreement?

18         DEFENDANT QUINONES-VIVAS:  No sir.

19         DEFENDANT VILLAMAR-MORAN:  No.

20         DEFENDANT RENTERIA-VALENCIA:  No.

21         THE COURT:  Are you pleading guilty today because in

22 truth and in fact you are guilty and for no other reason?

23         DEFENDANT QUINONES-VIVAS:  Yes, sir.

24         DEFENDANT VILLAMAR-MORAN:  Yes.

25         THE COURT:  Mr. Renteria?

1     DEFENDANT RENTERIA-VALENCIA:  Yes.

2          THE COURT:  Counsel, do you also believe your client

3     is pleading guilty voluntarily?

4          MR. WASSON:  Yes.

5          MR. SCHLEIN:  Yes, Your Honor.

6          MS. DOBRO:  Yes, Your Honor.

7          THE COURT:  And do you concur in his plea?

8          MR. SCHLEIN:  Yes, Your Honor.

9          MR. WASSON:  Yes, Your Honor.

10         MS. DOBRO:  Yes, Your Honor.

11         THE COURT:  Gentlemen, understanding the maximum

12    sentence that you face, as well as the mandatory minimum, all

13    the rights you possess and are waiving by pleading guilty

14    today, and all the consequences of your guilty plea, do you

15    still want to enter a plea of guilty?

16         Mr. Quinones?

17         DEFENDANT QUINONES-VIVAS:  Yes, sir.

18         THE COURT:  Mr. Villamar?

19         DEFENDANT VILLAMAR-MORAN:  Yes.

20         THE COURT:  And Mr. Renteria?

21         DEFENDANT RENTERIA-VALENCIA:  Yes.

22         THE COURT:  Based upon everything that has occurred

23    here in open court, I find that your guilty plea is made

24    knowingly and voluntarily, that you have a full understanding

25    of its meaning and effect, you understand the charge to which

1   you've entered a plea of guilty to, you understand all the

2   rights you have and are waiving, you understand all the

3   consequences, I also find there's a factual basis for your

4   plea, and I'll recommend that Judge Sabraw accept it.

5        Each of you are ordered to appear before Judge Sabraw

6   for sentencing on March 23rd at 9:00 in the morning.

7        Mr. Quinones, do you understand?

8        DEFENDANT QUINONES-VIVAS:  Yes, sir.

9        THE COURT:  Mr. Villamar?

10       DEFENDANT VILLAMAR-MORAN:  Yes.

11       THE COURT:  And Mr. Renteria?

12       DEFENDANT RENTERIA-VALENCIA:  Yes.

13       THE COURT:  I'll order a presentence report to be done

14  by probation for each of you.

15       I'll exclude time between now and sentencing to give

16  Judge Sabraw the time to review my findings and anything else

17  that may be filed for sentencing.

18       I'll vacate all future court dates as to these

19  defendants only.

20       Any motions on file are hereby withdraw, absent

21  objection.

22       Counsel, anything else at this time?

23       MR. WASSON:  Nothing, Your Honor.

24       MR. SCHLEIN:  No, Your Honor

25       MS. DOBRO:  Nothing, Your Honor.  Thank you.

1        THE COURT:  Gentlemen, that's all for today.  Good

2   luck.

3           (Proceedings adjourned at 3:01 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          CERTIFICATE OF TRANSCRIBER

2          I certify that the foregoing is a true and correct

3     transcription, to the best of my ability, of the above pages of

4     the official electronic sound recording provided to me by the

5     U.S. District Court, Southern District of California, of the

6     proceedings taken on the date and time previously stated in the

7     above matter.

8          I further certify that I am neither counsel for,

9     related to, nor employed by any of the parties to the action in

10    which this hearing was taken, and further that I am not

11    financially nor otherwise interested in the outcome of the

12    action.

13

14    DATE:   May 19, 2020

15

16              _____/s/ Ellen L. Simone_____

17                        Ellen L. Simone, RMR, CRR
                          Official Court Reporter
18

19

20

21

22

23

24

25