# EXHIBIT 4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING

```
_____ )
                                 )
UNITED STATES OF AMERICA,        )
             PLAINTIFF.          )     CASE NO. 17CR3399-DMS
                                 )
                                 )     SAN DIEGO, CALIFORNIA
                                 )     FRIDAY, APRIL 26, 2018
YEISON RENTERIA-VALENCIA,        )      10:00 A.M. CALENDAR
             DEFENDANT.          )
_____ )
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

<u>SENTENCING HEARING</u>

COUNSEL APPEARING:
FOR PLAINTIFF:              ROBERT S. BREWER
                           UNITED STATES ATTORNEY
                           BY:  ARI FITZWATER
                           ASSISTANT U.S. ATTORNEY
                           880 FRONT STREET
                           SAN DIEGO, CALIFORNIA 92101

FOR DEFENDANT:             ROBERT C. SCHLEIN, ESQ.
                           750 B STREET SUITE 3210
                           SAN DIEGO, CALIFORNIA 92101

              REPORTED BY:          LEE ANN PENCE
                                    OFFICIAL COURT REPORTER
                                    UNITED STATES COURTHOUSE
                                    333 WEST BROADWAY ROOM 1393
                                    SAN DIEGO, CALIFORNIA 92101

1    <u>SAN DIEGO, CALIFORNIA — FRIDAY, APRIL 26, 2018 — 10:30 A.M.</u>

2                          *   *   *

3             THE CLERK:  AS TO THE SAME CASE, 17CR3399, DEFENDANT

4    NO. 4, YEISON RENTERIA-VALENCIA; ON FOR SENTENCE WITH

5    PROBATION OFFICE REPORT.

6             THE COURT:  GOOD MORNING, MR. SCHLEIN.

7             MR. SCHLEIN:  GOOD MORNING, YOUR HONOR.  ROBERT

8    SCHLEIN ON BEHALF MR. RENTERIA-VALENCIA, WHO IS PRESENT IN

9    COURT IN CUSTODY.

10            THE COURT:  THANK YOU.  GOOD MORNING.

11            MR. FITZWATER:  AND GOOD MORNING AGAIN, YOUR HONOR.

12   ARI FITZWATER FOR THE UNITED STATES FOR THIS MATTER.

13            THE COURT:  THANK YOU.

14            YOU REVIEWED THE PRESENTENCE REPORT WITH YOUR

15   CLIENT?

16            MR. SCHLEIN:  I DID, YOUR HONOR.

17            THE COURT:  I REVIEWED THE P.S.R., GOVERNMENT AND

18   DEFENDANTS' SENTENCING SUMMARY CHART, MR. RENTERIA'S

19   SENTENCING MEMORANDUM AND LETTERS.

20            THE TENTATIVE WILL BE TO DECLINE THE INVITATION FOR

21   A ROLE ADJUSTMENT.  WE SPENT SOME TIME ON THAT AT THE PRIOR

22   HEARING, BUT THE TENTATIVE WOULD BE TO DENY ANY ROLE

23   ADJUSTMENT.  TO FIND A GUIDELINE RANGE OF 135, LOW END.

24            THE GOVERNMENT IS MAKING A RECOMMENDATION AT 96

25   MONTHS, ESSENTIALLY UNDER 3553.  AND I WOULD LIKE TO HEAR

ARGUMENT WITH RESPECT TO AN APPROPRIATE SENTENCE.

MR. SCHLEIN.

**MR. SCHLEIN:**  SURE.  THANK YOU, YOUR HONOR.

AS YOU KNOW, I ASKED FOR QUITE A BIT LESS THAN THAT.

AND, OF COURSE, YOU NEVER MET MR. RENTERIA BEFORE BUT THIS OPPORTUNITY.  IN MY DEALINGS WITH HIM, I FOUND HIM TO BE AN EXTREMELY HUMBLE, GENTLE, SELF-EFFACING, HONEST INDIVIDUAL.

JUST READING HIS DEBRIEFING, OR BEING AT HIS DEBRIEFING, YOU WILL FIND OUT THAT -- BECAUSE I WASN'T THERE -- ABOUT THE HONESTY ABOUT THE FOOD.  THERE WERE PORTRAYALS OF THE GREAT SUFFERING ON THE BOAT.

THERE MAY HAVE BEEN -- CERTAINLY WAS A HARDSHIP BEING ON THAT BOAT, GIVEN ITS VERY NATURE, SEMI-SUBMERSIBLE. BUT MR. RENTERIA DID NOT TRY TO BRING HIMSELF ANY MORE SUFFERING THAN WAS NECESSARY, AND HE HONESTLY POINTED OUT THE FOOD, SUPPLIES AND -- THAT WERE AVAILABLE, AND NOT QUITE SO -- NOT QUITE SUCH A HARDSHIP AS OTHER INDIVIDUALS POINTED OUT. SO I WANT TO JUST POINT OUT THAT THAT REFLECTS ON HOW HE HAS TREATED HIMSELF.

WHAT IS IMPORTANT TO KNOW ABOUT HIM IS THAT HE IS 33 YEARS OLD.  HE WAS ONE OF SEVEN SIBLINGS WHO GREW UP IN EXTREMELY IMPOVERISHED CONDITIONS.  HIS ENTIRE FAMILY GREW UP IN ONE ROOM.  THERE WERE NO DIVIDERS; NO KITCHEN, NO BEDROOMS, NOTHING.  JUST AN OPEN SPACE.  THEY OFTEN WENT WITHOUT FOOD.

1    HE DID -- EVEN THOUGH HE CAME FROM AN IMPOVERISHED
2  FAMILY HE DID GRADUATE FROM HIGH SCHOOL IN BUENAVENTURA
3  COLOMBIA AT THE AGE OF 19.

4    HE HAS BEEN MARRIED TO HIS WIFE, JACQUELINE OLAYA,
5  FOR TEN YEARS.  THEY HAVE A SEVEN-YEAR-OLD CHILD, AND SHE
6  HAD A 13-YEAR-OLD CHILD THAT HE ALSO ADOPTED AND TAKES CARE
7  OF.

8    THEY HAVE BEEN STRUGGLING FINANCIALLY ALL THEIR
9  LIVES.  HE LEARNED THE ART OF BEING AN OUTBOARD MECHANIC FROM
10 HIS FATHER, AND HE EARNED HIS LIVING ON TOUR BOATS.  AND SO HE
11 WOULD, YOU KNOW, MAKE SURE THAT THE ENGINES WERE RUNNING AND
12 SO ON.  AND FOR THAT HE EARNED $150 A MONTH.  THAT WAS HIS
13 GENERAL INCOME.

14   HE HAS NO CRIMINAL RECORD, NO MENTAL HEALTH RECORD.
15 I BELIEVE THAT THE CAUSATION OF THIS CASE IS POVERTY.  AND
16 WHEN GIVEN AN OPPORTUNITY, BECAUSE OF HIS POVERTY -- OF COURSE
17 NOT KNOWING WHAT WAS ENTAILED IN GETTING ON A SEMI-SUBMERSIBLE
18 BOAT THAT WAS COMPLETELY LOADED WITH COCAINE.  BUT HE AGREED.
19 AND IT ENABLED HIM TO BUY A LOT SO THAT HE COULD BUILD A HOUSE
20 FOR HIS FAMILY.

21   IT DOESN'T EXCUSE THE ACT OF -- THE ILLEGAL ACT, BUT
22 IT TELLS YOU WHO HE IS, WHERE HIS PRIORITIES LAY, AND WHY IT
23 IS IMPORTANT THAT THE COURT GIVE HIM RECOGNITION OF THAT IN
24 TERMS OF A REDUCED SENTENCE.

25   SO WHAT I WANT TO -- IF YOU LOOK AT THE LETTERS THAT

1  COME FROM HIS WIFE AND HIS KIDS, IT IS CLEAR THAT THIS MAN'S
2  LIFE IS ABOUT HIS FAMILY.  IT IS ABOUT HIS CHILDREN.  IT IS
3  ABOUT JUST EKING OUT A LIVING.
4          SO AS FAR AS ROLE, JUST LOOK AT THE AMOUNT OF MONEY
5  THAT HE WAS OFFERED COMPARED TO SOME OF THE OTHER
6  CO-DEFENDANTS.  IT TELLS YOU.  HE CERTAINLY WAS IN NO GREAT
7  BARGAINING POSITION, AND HE CERTAINLY WAS ON THE LESSER END OF
8  THE SPECTRUM.
9          AND, YES, HE WAS SUPPOSED TO TAKE CARE OF THE
10  ENGINES.  AND OF COURSE THAT -- THAT DIDN'T WORK TOO WELL
11  EITHER BECAUSE THEY WERE DEAD IN THE WATER AND HAD ENGINE
12  TROUBLE THROUGHOUT.
13          SO WHAT DO WE GAIN -- I MEAN, UNDERSTANDING THE
14  CONCEPTS OF SPECIFIC DETERRENCE AND GENERAL DETERRENCE, I
15  UNDERSTAND THAT THE COURT HAS TO GIVE HIM A SENTENCE UNDER
16  GENERAL DETERRENCE.
17          UNDER SPECIFIC DETERRENCE, I KNOW YOU WILL NEVER
18  HEAR FROM HIM AGAIN, AND I KNOW HE WOULD NEVER PUT HIS FAMILY
19  AT THE RISK THAT HE DID BY DOING THIS.
20          BUT AS FAR AS GENERAL DETERRENCE, HE IS GOING TO BE
21  DEPORTED WHEN THIS IS OVER.
22          AND REMEMBER, THE PEOPLE WHO MADE THE MONEY ON THIS,
23  EVEN THOUGH THEY ARE GUILTY OF THIS CRIME OF TRANSPORTING THE
24  DRUGS, IN MANY WAYS THEY ARE THE BURROS OF THIS OPERATION.
25  CERTAINLY MR. RENTERIA IS.

AND HE DIDN'T LOAD THE DRUG, HE DIDN'T OWN THE DRUG.
HE WASN'T AN ORGANIZER, LEADER, RIGHT?  HE WAS A CREW MEMBER
ON THIS BOAT.  AND THEREFORE I BELIEVE THAT HE WOULD BE
ENTITLED TO MINOR ROLE, IN THE BROAD SCHEME OF THINGS,
ESPECIALLY GIVEN THE INCREDIBLE VOLUME OF DRUG THAT WAS ON
THIS SUBMERSIBLE.

SO I BELIEVE, GIVEN HIS RELATIVE THING, COMPARED TO
CAPTAIN, COMPARED TO EVEN THE GENTLEMAN WHO WAS BEFORE US WHO
WAS TASKED WITH DELIVERING THE DRUG, ACCORDING TO THE
PROBATION OFFICER.  HE WAS TASKED WITH MAKING SURE THE
DELIVERY HAPPENED, WHICH IMPLIES SOME SORT OF STRONG, AT LEAST
EITHER INTELLIGENCE OR SAVVY OR SOMETHING THAT HE WOULD BE
GIVEN THAT TASK; WHEREAS MR. RENTERIA WAS WATCHING THE
ENGINES.

SO I THINK THAT AN APPROPRIATE SENTENCE WOULD BE --
I ASKED FOR 36 MONTHS.  BUT I THINK THAT ANYTHING UNDER FIVE
YEARS WOULD BE APPROPRIATE FOR MR. RENTERIA, GIVEN HIS
RELATIVE POSITION IN THIS CONSPIRACY, YOUR HONOR.

THANK YOU.

**THE COURT:**  THANK YOU.

SIR, DO YOU WISH TO SAY ANYTHING AT THIS TIME?

**DEFENDANT RENTERIA-VALENCIA:**  (THROUGH INTERPRETER
REBECCA CALDERON) YES.

WHAT I WOULD LIKE TO TELL YOUR HONOR IS THAT I KNOW
THAT I MADE A MISTAKE.  I WANT TO APOLOGIZE TO MY MOM AND TO

1  MY DAD FOR THE SUFFERING THAT I AM MAKING THEM GO THROUGH, AND
2  MY TWO CHILDREN.  THE YOUNGEST ONE, THE SEVEN-YEAR-OLD, IS THE
3  ONE THAT IS SUFFERING THE MOST.  AND MY WIFE, TOO.
4          I ADMIRE HER SO MUCH, BECAUSE THIS IS A VERY HARD
5  BLOW TO BE FACING, ALL OF THESE BY HERSELF.  SHE IS BY
6  HERSELF, SHE IS STRUGGLING.  AND I ASK GOD TO GIVE HER
7  STRENGTH SO THAT SHE CAN GET AHEAD BY HERSELF.
8          THANK YOU VERY MUCH, YOUR HONOR, FOR ALLOWING ME TO
9  ADDRESS YOU.
10         AND I THANK MY ATTORNEY FOR DEFENDING ME.
11         THANK YOU VERY MUCH.  AND I HAVE NOTHING FURTHER TO
12 SAY.
13         **THE COURT:**  THANK YOU.  I APPRECIATE YOUR COMMENTS.
14 COUNSEL.
15         **MR. FITZWATER:**  THANK YOU, YOUR HONOR.
16         AS THE COURT IS AWARE, THE UNITED STATES IS
17 RECOMMENDING A CUSTODIAL SENTENCE OF 96 MONTHS IN THIS CASE.
18         THAT RECOMMENDATION IS BASED ON SEVERAL FACTORS, AND
19 I THINK IT ADEQUATELY TAKES INTO ACCOUNT THE SERIOUSNESS OF
20 THIS PARTICULAR OFFENSE; NAMELY, THE AMOUNT OF DRUGS THAT WERE
21 INVOLVED AS WELL AS THE COMPLEXITY OF THE UNDERTAKING IN
22 TRANSPORTING THESE DRUGS.  THE VAST DISTANCE OUT ON THE OPEN
23 OCEAN THAT THEY WERE.
24         I APPRECIATE COUNSEL'S COMMENTS WITH REGARD TO ROLE
25 BUT I RESPECTFULLY DISAGREE.

1       MR. RENTERIA IS NOT A BURRO IN THIS CASE, IT WAS NOT
2   A MINOR ROLE.  HE WAS SPECIFICALLY HIRED AND SELECTED BECAUSE
3   OF A TRAINED SKILL SET, BECAUSE HE WAS A MECHANIC AND BECAUSE
4   HE COULD WORK ON OUTBOARD ENGINES.

5       WE CAN'T SAY THAT THAT IS A MINOR ROLE.  HE
6   FULFILLED A CRITICAL ROLE ON THE BOAT IN ORDER TO KEEP THE
7   ENGINES OPERATING.

8       I WOULD SAY THAT IT IS MORE IMPORTANT TO NOTE THAT
9   HE ADMITTEDLY TOOK STEERING -- EXCUSE ME -- TOOK A TURN
10  STEERING THE VESSEL AND NAVIGATING -- EXCUSE ME -- NOT
11  NAVIGATING BUT STEERING THE VESSEL TOWARDS ITS INTENDED
12  DESTINATION.

13      THE EXTENT OF HIS PARTICIPATION WAS ALSO EXTENSIVE.
14  ACCORDING TO THE DEFENDANT, THIS VOYAGE TOOK APPROXIMATELY TEN
15  TO 12 DAYS IN LENGTH.  AND IT IS OF NOTE THE IMMENSE VALUE, AS
16  WELL, OF THESE PARTICULAR DRUGS.

17      I THINK IT IS ALSO IMPORTANT TO NOTE FOR THE COURT
18  THAT THIS PARTICULAR DEFENDANT AGREED TO PARTICIPATE IN THE
19  OFFENSE SEVERAL MONTHS PRIOR TO THE VESSEL DEPARTING, SO
20  THERE IS SIGNIFICANT, AT LEAST PLANNING ON HIS PART, AND
21  ACCEPTANCE THAT HE WOULD PARTICIPATE IN THIS PARTICULAR
22  OFFENSE.

23      BASED ON THOSE REASONS, YOUR HONOR, WE ARE OPPOSING
24  MINOR ROLE AND WE ARE RECOMMENDING THE 96-MONTH CUSTODIAL
25  SENTENCE.

I WOULD JUST, FOR THE PURPOSES OF THIS INDIVIDUAL'S SENTENCING, POINT TO GOVERNMENT EXHIBIT 1.  I PREVIOUSLY SHOWED DEFENSE COUNSEL EXHIBIT 1.

AND I THINK THE PICTURE REALLY JUST SPEAKS FOR ITSELF, THE AMOUNT OF EFFORT AND COMPLEXITY OF THIS UNDERTAKING, ESPECIALLY WHEN WE LOOK AT THE TYPE OF VESSEL THAT WAS INVOLVED WHICH WAS SPECIFICALLY DESIGNED FOR SMUGGLING AND TO EVADE LAW ENFORCEMENT.

FOR THE PURPOSES THIS SENTENCING, YOUR HONOR, WE REQUEST THAT GOVERNMENT'S 1 BE ADDED INTO THE RECORD AS WELL.

**THE COURT:**  YES.

**(EXHIBIT 1 MARKED FOR IDENTIFICATION AND RECEIVED FOR THE RECORD)**

**MR. FITZWATER:**  WITH THAT, YOUR HONOR, THE UNITED STATES WOULD SUBMIT ON OUR RECOMMENDATION.

**MR. SCHLEIN:**  YOUR HONOR, IF I MIGHT BRIEFLY ADDRESS --

**THE COURT:**  YES.

**MR. SCHLEIN:**  -- EXHIBIT 1.

LET'S -- EXHIBIT 1 LOOKS LIKE A GO-FAST BOAT.  AND REMEMBER, MR. RENTERIA NEVER SAW THE BOAT BEFORE.  HE HAD NEVER LEFT HIS HOMETOWN OF BUENAVENTURA COLOMBIA IN HIS LIFE PRIOR TO THIS EVENT.

SO HE WAS TAKEN TO THE BOAT, PUT ON THE BOAT, AND THAT WAS IT.  HE HAD NOTHING -- NOTHING TO DO WITH THE

1   PREPARATION OF THE BOAT, IN ANY WAY.

2           THANK YOU.

3           **THE COURT**:  THANK YOU.

4           I WOULD START WITH A GUIDELINE CALCULATION.  THE

5   BASE OFFENSE LEVEL IS 38 UNDER SECTION 2D1.1C1, GIVEN OVER 450

6   KILOGRAMS OF COCAINE.  THERE IS A DOWNWARD ADJUSTMENT OF TWO

7   LEVELS FOR SAFETY VALVE.  FURTHER DOWNWARD ADJUSTMENT OF THREE

8   LEVELS FOR ACCEPTANCE WITH THE GOVERNMENT'S MOTION.

9           THE TOTAL OFFENSE LEVEL IS 33.  CRIMINAL HISTORY

10  SCORE IS ZERO, THE CATEGORY IS I.  THE GUIDELINE RANGE IS 135

11  TO 168 MONTHS.

12          ON ROLE, I WOULD DECLINE TO ADJUST DOWNWARD FOR

13  MINOR ROLE.  THERE IS SIMPLY TOO MUCH GOING ON BY WAY OF

14  INVOLVEMENT ON MR. RENTERIA'S PART.  THIS IS NOT AN ORDINARY

15  SITUATION OF TRANSPORTING DRUGS ACROSS THE BORDER, THIS IS A

16  VOYAGE ON THE OPEN SEAS IN A SOPHISTICATED BOAT, A LOW PROFILE

17  BOAT.  AND THERE ARE A LOT OF MOVING PARTS TO IT, AND YOU

18  PLAYED A CRITICAL ROLE IN THAT REGARD.  THIS BOAT HAS TO RUN,

19  AND IT IS HIGHLY DEPENDENT UPON POWERFUL AND SOPHISTICATED

20  ENGINES.  AND YOU SERVED THE ROLE AS A MECHANIC, WHICH IS A

21  VERY CRITICAL PART OF THIS.

22          YOU WERE ON THE HIGH SEAS FOR TEN TO 12 DAYS.  YOU

23  OBVIOUSLY HAD A FULL UNDERSTANDING OF THE NATURE AND THE SCOPE

24  OF THIS OPERATION.

25          AND MR. RENTERIA'S ROLE, RELATIVE TO OTHERS THAT WE

1  KNOW ABOUT, FOR EXAMPLE THOSE WHO LOAD THE VESSEL, THOSE WHO

2  WERE GUARDING THE VESSEL, CAN BE VIEWED AS MORE INVOLVED THAN

3  THOSE.

4              AND WITH RESPECT TO THE FOUR DEFENDANTS ON THIS

5  PARTICULAR BOAT, IT APPEARS THAT MR. RENTERIA'S ROLE IS MORE

6  THAN THAT OF MR. OROBIO, GIVEN THE SPECIFIC SKILL SET THAT YOU

7  HAVE THAT YOU WERE USING TO EFFECT THIS TRANSPORTATION.

8              SO FOR THOSE REASONS I WOULD DECLINE TO ADJUST

9  DOWNWARD FOR ROLE.

10             THAT LEAVES A GUIDELINE RANGE OF A LOW END OF 135

11  MONTHS, WHICH IS A VERY, VERY LONG TIME.  AND I AGREE WITH THE

12  GOVERNMENT THAT THERE HAS TO BE SOME ADJUSTMENT, PERHAPS UNDER

13  3553.  BUT THERE HAS TO BE VERY, VERY SIGNIFICANT PUNISHMENT

14  FOR THE CRIME ITSELF.

15             THIS IS NOT AN ORDINARY CRIME, THIS IS A HIGHLY

16  SOPHISTICATED OPERATION INVOLVING OVER 1,500 KILOGRAMS OF

17  COCAINE.  A VALUE THAT IS APPROXIMATED AT 27 TO $39 MILLION

18  U.S.

19             JUST STATING THOSE NUMBERS MAKES ONE REALIZE THAT

20  THIS IS A VERY UNUSUAL CRIME AS FAR AS THE AMOUNT OF

21  CONTRABAND, THE VALUE OF THE CONTRABAND, AND THE

22  SOPHISTICATION OF WHAT'S GOING ON.  THESE ARE DRUGS BEING

23  TRANSPORTED FROM ONE COUNTRY TO ANOTHER OVER THE HIGH SEAS.

24             AND THERE JUST HAS TO BE A SIGNIFICANT PUNISHMENT

25  FOR THAT, NOT ONLY TO PUNISH THE INDIVIDUAL BEFORE THE COURT

BUT TO DETER OTHERS, TO PROTECT SOCIETY, AND TO PROMOTE
RESPECT FOR LAW.

YOU WERE ALSO BEING PAID AN ENORMOUS SUM OF MONEY,
$30,000 U.S., BY YOUR STANDARDS --

**MR. SCHLEIN:**  NO, YOUR HONOR.  I DON'T BELIEVE HE
WAS PAID -- DID YOU SAY 13?

**THE COURT:**  30.  30 IS THE INFORMATION I HAVE.
15,5 UP FRONT, WITH 15 TO COME AT THE END.  THAT'S THE
INFORMATION I HAVE.  IS THAT INCORRECT?

**MR. SCHLEIN:**  LET ME JUST CHECK THAT.

**MR. FITZWATER:**  THAT'S THE INFORMATION THAT THE
UNITED STATES HAS IS THAT HE WAS GOING TO BE PAID ROUGHLY
$30,000 IN TOTAL FOR THIS JOB.

**(DISCUSSION OFF THE RECORD BETWEEN THE
DEFENDANT AND COUNSEL)**

**MR. SCHLEIN:**  20,000.

**THE COURT:**  20.  THE P.S.R., I THINK, REFLECTS 30.
BUT EVEN IF WE ASSUME IT IS 20 --

**MR. SCHLEIN:**  EXCUSE ME.  WAIT.

**DEFENDANT RENTERIA-VALENCIA:**  40 MILLION PESOS,
COLOMBIAN PESOS.

**THE PROBATION OFFICER:**  EXCUSE ME, YOUR HONOR.  DAVE
HORTON WITH PROBATION.

**THE COURT:**  YES.

**THE PROBATION OFFICER:**  JUST IN THE P.S.R. IT TALKS

ABOUT MR. RENTERIA SAID THAT HE WOULD RECEIVE APPROXIMATELY --
IT WAS 43 MILLION COLOMBIAN PESOS, WHICH WE ESTIMATED AT BEING
APPROXIMATELY $15,500 U.S.  HE WAS TO RECEIVE HALF OF THAT UP
FRONT AND RECEIVE THE REMAINDER LATER ON.  SO MAYBE THAT IS
WHERE THE CONFUSION IS.

        **THE COURT:**  OKAY.

        HOW ABOUT IN YOUR SENTENCING MEMORANDUM, MR.
SCHLEIN, WASN'T THERE A REFERENCE TO 30,000?

        **MR. SCHLEIN:**  THE P.O. SAYS 15,500, AND THAT'S WHAT
I HAVE.  AND THAT WAS MY UNDERSTANDING FROM THE BEGINNING.

        **THE COURT:**  YES.

        **MR. SCHLEIN:**  IT WAS MY UNDERSTANDING THAT THE
GENTLEMAN BEFORE YOU WAS RECEIVING 30,000.

        **THE COURT:**  OKAY.  MAYBE I GOT THIS FROM YOUR
SENTENCING MEMORANDUM.  IT IS AT PAGE 2, LINE 20.  THERE IS A
REFERENCE TO 30,000 U.S.  BUT I --

        **MR. SCHLEIN:**  I NOTICED THAT VILLAMAR GOT 35,000.

        **THE COURT:**  YES.

        **MR. SCHLEIN:**  AND I UNDERSTAND MR. OROBIO WAS -- I
DON'T -- I THOUGHT HIS WAS ABOUT 30, TOO.

        BUT I KNOW THAT -- FROM THE BEGINNING I THOUGHT IT
WAS BETWEEN 13 AND 15, AND THE PROBATION OFFICER CALCULATED IT
AS 15.

        **THE COURT:**  WELL, JUST TO BE CLEAR, THE SENTENCING
MEMORANDUM INDICATES THAT MR. RENTERIA WAS PAID HALF UP FRONT

1   AND HE WOULD BE PAID THE OTHER HALF UPON RETURN.  THE TOTAL HE
2   WAS TO RECEIVE WAS 86 MILLION PESOS, WHICH TRANSLATES ROUGHLY
3   TO 30,000 U.S.
4         BUT I THINK THAT IS ACADEMIC, AND I AM CONTENT TO
5   START WITH THE PROPOSITION THAT MR. RENTERIA WAS BEING PAID
6   20,000 U.S.
7         WHETHER IT IS 20 OR 30,000, THAT'S A VERY
8   SIGNIFICANT SUM OF MONEY.  AND IT IS FURTHER INDICATIVE OF
9   AWARENESS ON ONE'S PART THAT WHAT THEY ARE ENGAGED IN IS VERY
10  SERIOUS AND VERY SIGNIFICANT, AND THEY ARE BEING PAID
11  HANDSOMELY.  THAT'S THE POINT.  AND IT GOES TO THE NATURE AND
12  THE CIRCUMSTANCES OF THE CRIME.  THERE HAS TO BE SIGNIFICANT
13  CONSEQUENCE FOR THAT CONDUCT.
14        THE HISTORY AND CHARACTERISTICS ATTRIBUTED TO YOU
15  ARE ALL VERY, VERY POSITIVE.  YOU HAVE, OBVIOUSLY, A VERY
16  CLOSE FAMILY, YOU SUPPORT YOUR FAMILY.  YOU WORK HARD.  YOU
17  HAVE SIGNIFICANT WORK SKILLS AS A MECHANIC AND A TOUR GUIDE ON
18  THESE BOATS.
19        YOU COME FROM A GREAT DEAL OF POVERTY BUT YOU, UP TO
20  THIS POINT IN TIME, HAVE WORKED HONORABLY, WORKED HARD.  TRIED
21  TO MAKE AN HONEST LIVING AND PROVIDE FOR YOUR FAMILY UNDER
22  DIFFICULT CIRCUMSTANCES.  BUT IT DOESN'T JUSTIFY OR EXCUSE
23  THIS DECISION TO PARTICIPATE IN THIS PARTICULAR CRIME.
24        THERE IS NO PRIOR CRIMINAL HISTORY.  NO HISTORY OF
25  ANY MENTAL HEALTH, DRUG OR ALCOHOL ABUSE.  YOU APPEAR TO BE

SIMPLY A HARDWORKING, GOOD MAN, WHO MADE THIS ONE VERY
SIGNIFICANT BAD DECISION.

I AGREE WITH THE GOVERNMENT THAT A SIGNIFICANT
VARIANCE WOULD BE WARRANTED.  THE GOVERNMENT IS RECOMMENDING A
SENTENCE AT 96 MONTHS.

ULTIMATELY, I AM GOING TO VARY SLIGHTLY MORE THAN
THAT, BUT I WOULD IMPOSE A SIGNIFICANT SENTENCE HERE.  AND I
AM GOING TO IMPOSE A SENTENCE AT 87 MONTHS.  THAT'S A VERY
SIGNIFICANT SENTENCE, BUT IT IS ALSO A VERY, VERY SIGNIFICANT
VARIANCE FROM THE GUIDELINE RANGE.

AND I AM FOCUSING, REALLY, ON THE NATURE AND THE
CIRCUMSTANCES OF THE CRIME AND THE NEED TO PUNISH, DETER
OTHERS, PROTECT SOCIETY, AND PROMOTE RESPECT FOR LAW.  THOSE
ARE VERY IMPORTANT CONSIDERATIONS FOR THIS TYPE OF CRIMINAL
ACTIVITY.

FOR ALL OF THESE REASONS IT WOULD BE THE JUDGMENT
AND SENTENCE OF THE COURT THAT YOU BE, AND HEREBY ARE,
SENTENCED TO A TERM OF CUSTODY WITH THE BUREAU OF PRISONS AT
87 MONTHS.

STATUTORY FINE WOULD BE WAIVED.  A SPECIAL
ASSESSMENT OF $100 WILL BE IMPOSED.

SUPERVISED RELEASE WILL BE FIXED AT THREE YEARS.
ALL STANDARD AND MANDATORY CONDITIONS WILL APPLY.  THE
FOLLOWING SPECIAL CONDITION ALSO WILL APPLY:  AND THAT IS ONCE
YOU ARE REMOVED TO COLOMBIA ALL SUPERVISION WILL BE WAIVED BUT

1   YOU MAY NOT RETURN TO THE UNITED STATES ILLEGALLY.

2          THESE CONDITIONS ARE BEING PROVIDED TO YOU NOW, BOTH

3   IN SPANISH AND IN ENGLISH.  THEY WILL BE IN FULL FORCE FOR

4   THREE YEARS FOLLOWING YOUR RELEASE FROM CUSTODY.  IF YOU

5   VIOLATE ANY OF THESE CONDITIONS YOU WOULD BE SUBJECT TO

6   ADDITIONAL PUNISHMENT FOR UP TO THREE YEARS.

7          DO YOU UNDERSTAND?

8          **MR. SCHLEIN:**  MAY I ASK HIM ONE QUESTION?

9          **DEFENDANT RENTERIA-VALENCIA:**   YES, SIR.

10         **THE COURT:**  YES.

11              **(DISCUSSION OFF THE RECORD BETWEEN THE**

12              **DEFENDANT AND COUNSEL)**

13         **MR. SCHLEIN:**  YOUR HONOR, MAY WE REQUEST A

14  DESIGNATION TO AS CLOSE TO MISSISSIPPI AS POSSIBLE.  HE HAS A

15  RELATIVE WHO IS IN THAT AREA.

16         **THE COURT:**  YES, I WOULD MAKE THAT RECOMMENDATION.

17  IT IS UP TO THE BUREAU OF PRISONS BUT I WOULD MAKE THAT

18  RECOMMENDATION.

19         FINALLY, I WOULD INDICATE THAT BECAUSE YOU HAVE BEEN

20  SENTENCED IN ACCORDANCE WITH YOUR PLEA AGREEMENT YOU HAVE

21  WAIVED ANY RIGHT TO APPEAL OR TO LATER COLLATERALLY ATTACK THE

22  SENTENCE AND JUDGMENT.

23         DO YOU UNDERSTAND?

24         **DEFENDANT RENTERIA-VALENCIA:**  YES, SIR.

25         **THE COURT:**  WE HAVE ADDRESSED ALL MATTERS?

1          **MR. SCHLEIN:**  YES, YOUR HONOR.

2          **THE COURT:**  THANK YOU.

3          **MR. FITZWATER:**  YOUR HONOR, THE UNITED STATES WOULD

4    MOVE TO DISMISS THE UNDERLYING INDICTMENT WITHOUT PREJUDICE AS

5    TO THIS DEFENDANT.

6          **THE COURT:**  YES.  THAT MOTION WOULD BE GRANTED.

7    THANK YOU.

8

9                              *   *   *

10          I CERTIFY THAT THE FOREGOING IS A CORRECT
            TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
11          IN THE ABOVE-ENTITLED MATTER.

12          S/LEEANN PENCE                    6/9/2020
            LEEANN PENCE, OFFICIAL COURT REPORTER    DATE
13

14

15

16

17

18

19

20

21

22

23

24

25