UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YEISON RENTERIA-VALENCIA,<br><br>Defendant. | Case No.: 17-cr-03399-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |
|---|---|

This case is before the court on Defendant Yeison Renteria-Valencia's ("Defendant" or "Renteria-Valencia") motion to vacate, set aside, or correct his sentence for ineffective assistance of counsel under 28 U.S.C. § 2255. After reviewing the parties' briefs, the record, and the relevant legal authority, the Court **DENIES** Defendant's motion.

**I.**

**BACKGROUND**

On October 2, 2017, the United States Coast Guard (USCG) was alerted to a suspicious vessel approximately 195 nautical miles southwest of the Nicaragua/Costa Rica border. (Pre-Sentence Report ("PSR"), ECF No. 57, at ¶ 5.) Personnel aboard the Cutter "Active" located a low profile vessel with four outboard engines and at least two persons on board. (*Id.*) The USCG sent a crew to make contact with the vessel, and located four individuals aboard, including Renteria-Valencia. (*Id.* at ¶ 6.) When the crew

arrived alongside the low profile vessel, they asked the crew who was "master" of the vessel. (*Id.*) Neder Quinones-Vivas, a codefendant in this case, identified himself as the master of the vessel, and informed the USCG that the vessel hailed from Colombia, three of the crew were Colombian, and the fourth was Ecuadorian. (*Id.* at ¶ 7.)

Thereafter, the Coast Guard contacted the United States Department of State to confirm the claim of Colombian nationality. (Ex. 2 to Opp'n at 2.) The Department of State contacted the Colombian government, who replied that it could "neither confirm nor refute the vessel's registry or nationality." (*Id.*) After the Coast Guard received word of the Colombian response, they deemed the vessel "stateless" and boarded to conduct a search pursuant to the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70502. (*Id.*)

The search revealed 69 bales of cocaine weighing approximately 1,500 kilograms, and the crew of the low profile vessel was taken into custody. (PSR at ¶ 7.) On October 26, 2017, Renteria-Valencia was arraigned on an indictment charging him with conspiracy to distribute cocaine on board a vessel and distribution of cocaine on board a vessel, 46 U.S.C. §§ 70503 & 70506. (Indictment, ECF No. 1.) Renteria-Valencia was also charged with aiding and abetting, in violation of 18 U.S.C. § 2. (*Id.*) Magistrate Judge William Gallo appointed Robert C. Schlein as counsel to Renteria-Valencia. On January 9, 2018, Renteria-Valencia entered a guilty plea to the Conspiracy charge, pursuant to a written plea agreement. (ECF No. 48.) The Court sentenced Renteria-Valencia to 87 months in custody, followed by 3 years supervised release, on April 26, 2018. (Judgment, ECF No. 81.) On April 16, 2020, Defendant, proceeding *pro se*, filed this motion to vacate, set aside, or correct his sentence for ineffective assistance of counsel. (ECF No. 104.) The Government filed an opposition, and Defendant filed a reply.

## II.

## DISCUSSION

Under 28 U.S.C. § 2255, the Court may "vacate, set aside, or correct the sentence"

of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court must "grant a prompt hearing" on a § 2255 motion.  28 U.S.C. § 2255(b).  However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007).

A. Waiver

As a preliminary matter, the Government contends Defendant's motion is barred because Defendant knowingly and voluntarily waived his right to appeal and collateral attack pursuant to his plea agreement.  (Opp'n at 10.)  Accordingly, the Government contends this waiver "forecloses [Defendant] from seeking any relief under 28 U.S.C. § 2255, with limited exceptions." (*Id.*) To that end, the Government cites *United States v. Abarca*, where the Ninth Circuit held a waiver of appeal cannot be circumvented by filing a motion under § 2255.  (*Id.*) (citing 985 F.2d 1012, 1014). In *Abarca*, the defendant filed a consolidated appeal challenging his sentence and the district court's denial of his § 2255 motion for modification of his sentence.  985 F.2d at 1013.  There, the defendant waived the right to appeal "any pretrial issues or sentencing issues" on condition that he received a sentence that did not exceed the applicable guideline range. *Id.* at 1013.  Because the defendant's motion was based on newly discovered exculpatory evidence related to his involvement in the crimes, the Ninth Circuit concluded it was a "sentencing issue" barred by the defendant's waiver. *Id.* However, the court noted they did "not hold that

[defendant's] waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver." *Id.* at 1014.

Here, Defendant's § 2255 motion is based on a claim of ineffective assistance of counsel—an issue "not clearly contemplated by, and subject to, his plea agreement waiver." *See id.* Accordingly, Defendant's motion is not barred and the Court can address the merits of his claim.

B. <u>Ineffective Assistance of Counsel</u>

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *United States v. Span*, 75 F.3d 1383, 1386 (9th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Prisoners may raise Sixth Amendment ineffective assistance of counsel claims on a Section 2255 motion. *Id.* (citing *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Because "the purpose of the effective assistance guarantee . . . is simply to ensure that criminal defendants receive a fair trial," review of the effectiveness of defense counsel is "highly deferential." *Strickland*, 466 U.S. at 689; *see Span*, 75 F.3d at 1387 (citing *United States v. Cochrane,* 985 F.2d 1027, 1030 (9th Cir.1993)).

A prisoner asserting an ineffective assistance claim must specifically identify the elements of counsel's conduct he believes to be deficient. The Court must then determine whether such conduct was "outside the wide range of professionally competent assistance" expected of defense counsel. *Strickland*, 466 U.S. at 690. The defendant bears the burden of overcoming a strong presumption that counsel "rendered adequate assistance." *Id.* Even if counsel's actions are professionally unreasonable, an error by counsel does not warrant relief unless it is prejudicial. *See id.* at 691. An error is prejudicial if there is "a reasonable probability" that the error altered the result of the proceeding. *Id.* at 694; *see also Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) ("Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."). "A reasonable probability is a probability sufficient

to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Defendant alleges his counsel did not conduct an adequate pretrial/presentence investigation, which resulted in counsel unreasonably failing to object to United States jurisdiction under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70502. (Mot. at 4.) Specifically, Defendant alleges his lawyer failed to object to the Government's assertion that the vessel at issue was a "vessel without nationality." Such vessels are subject to United States jurisdiction under 46 U.S.C. § 70502(c)(1)(A). (*Id.*) Section 70502(d)(1)(C) defines a vessel without nationality as "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." Under 46 U.S.C. § 70502(e)(3), a claim of nationality includes "a verbal claim of nationality or registry by the master or individual in charge."

Defendant argues counsel's failure to make this objection was prejudicial because he believes the jurisdictional challenge would have been successful. (Mot. at 4-5.) He contends that the United States lacked jurisdiction over the vessel because the Coast Guard boarding team failed to ask each individual aboard the boat for a claim of nationality after the master verbally claimed Colombian nationality. (*Id.*) In support, Defendant cites *United States v. Guerro,* 789 F. App'x 742 (11th Cir. 2019). In *Guerro*, the Eleventh Circuit vacated a sentence in a similar case because "the Coast Guard never asked for the individual in charge and never requested the defendants to make a claim of nationality or registry for the vessel." 789 F. App'x at 784. The circuit court found this was insufficient to meet the jurisdictional requirements of 46 U.S.C. §§ 70502(d) and (e), since no one aboard the vessel was afforded the opportunity to claim nationality.

The Government contends the instant case differs from *Guerro* because the Coast Guard officer (through an interpreter) asked the men aboard the vessel, "Who is the master?" and Quinones-Vivas raised his hand. (Opp'n at 11, 14.) The officer then asked Quinones-Vivas, "Where is your vessel from?" to which Quinones-Vivas replied "Colombia." (*Id.* at 12.) The officer also indicated that the vessel did not have a

registration number. (*Id.*) After Quinones-Vivas verbally claimed Colombian nationality for the vessel, *see* 46 U.S.C. § 70502(e)(3), the United States Department of State contacted Colombia to confirm the claim. However, the Colombian government "could neither confirm nor refute the vessel's registry or nationality." (Opp'n at 11-12.) Thus, the instant case is distinguishable from *Guerro*. Based on the aforementioned facts, the Coast Guard appropriately deemed Defendant's vessel a "vessel without a nationality" pursuant to 46 U.S.C. §§ 70502(c)(1)(A), (d)(1)(C).

## III.
## CONCLUSION

Once the master of the vessel asserted Colombian nationality and the Colombian government did not "affirmatively and unequivocally" confirm his claim, the vessel was deemed stateless pursuant to 46 U.S.C. § 70502(d)(1)(C). Under 46 U.S.C. § 70502(c)(1)(A), stateless vessels are subject to United States jurisdiction. Because any objection to United States jurisdiction under 46 U.S.C. § 70502 could not have succeeded even if raised, Defendant cannot meet his burden of showing that his attorney's decision not to raise the objection "undermine[s] confidence in the outcome." *Strickland*, 466 U.S. at 694. Accordingly, Defendant has not suffered any prejudice because of his counsel's decision.[1] Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is therefore **DENIED.**

**IT IS SO ORDERED**.

Dated: August 13, 2020

Hon. Dana M. Sabraw
United States District Judge

---

[1] The Court "need not determine whether counsel's performance was deficient . . . [i]f it is easier to dispose of [the] ineffectiveness claim on the ground of lack of sufficient prejudice." *Strickland*, 466 U.S. at 697.